CRONIN v. ALLARD.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 7899. Decided Dec. 19, 1927.

First Publication of this Opinion.

Syllabus by Editorial Staff.

Middleton, PJ., and Mauck and Thomas, JJ., of the 4th Dist., sitting.

148. BILLS OF EXCEPTIONS—Where affidavits are not incorporated in bill of exceptions, and there is no certificate that they constitute all the evidence, reviewing court is without power to say that trial court erred in refusing to grant relief to which it is claimed such affidavits might entitle party.

Error to Common Pleas.
Judgment affirmed.
Turney & Sipe, Cleveland, for Cronin.
Sam Rosenberg, Cleveland, for Allard.
MAUCK, J.

In an action for personal services, Eunice Cronin sought a recovery from Benjamin C. Allard. The jury returned a verdict for the defendant. Later, but during the term, plaintiff filed a motion for a new trial, predicated upon the claim that she had newly discovered evidence. Two affidavits, in support of that claim. were found in the record. The trial court refused to grant a new trial. Error is prosecuted to this court, but no bill of exceptions accompanies the petition in error.

The rule is well established that where affidavits are not incorporated in a bill of exceptions, and there is no certificate that these affidavits constitute all the evidence, a reviewing court is without power to say that the trial court erred in refusing to grant the relief which it is claimed such affidavits might entitle the party to.

In Sleet v. Williams, 21 S. 82, the Supreme Court said:

"We cannot notice these affidavits. They are merely introduced into the record by the clerk. They may constitute all the evidence heard upon the motion, and they may, so far as we can officially know, constitute only a part of it."

In Berman v. State. 16 C. C. (N. S.) 106, the third paragraph of the syllabus reads as follows:

"In order that affidavits used on a motion for a new trial may be considered by a reviewing court, there must be a certificate of the trial judge that the affidavits in question are all the evidence introduced on the hearing of the motion."

There is consequently before us no record upon which we could seriously consider the reversal of the judgment complained of.

(Middleton, PJ, and Thomas, J., concur.)